UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARLENE A. MALEK, CO-TRUSTEE OF THE FREDERIC V. MALEK GST NON-EXEMPT MARITAL TRUST, DIRECTLY ON BEHALF OF THE TRUST AND DERIVATIVELY ON BEHALF OF HUDSON RIVER PARTNERS I L.P.; AND THAYER LEADER DEVELOPMENT GROUP, INC, | § § § § § § § § § § § § § | No. 1:23–CV–0107–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| RICHARD M. MINICOZZI, WILLIAM MURDY, TIMOTHY TYSON, | § § § § | |
| Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation

("Recommendation") filed by Magistrate Judge Dustin Howell.  (Dkt. # 18.)

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition

without a hearing.  After reviewing the Recommendation and the information

contained in the record, the Court **ADOPTS** the Recommendation**.**

BACKGROUND

Plaintiff Marlene A. Malek ("Plaintiff"), as co-trustee of the Frederic V. Malek GST Non-exempt Marital Trust ("Malek Trust"), filed this suit against Defendants Richard M. Minicozzi, William Murdy, and Timothy Tyson ("Defendants") as a derivative cause of action on behalf of Hudson River Partners, LLP, ("HRP") and Thayer Leader Development Group, Inc. ("TLDG"), asserting various mismanagement claims against Defendants, who are co-founders and board members of HRP (of which the Malek Trust is 19% owner) and TLDG. (Dkt. # 1-1, at 1, 5, 8-10, 12, 16.)

Defendant Minicozzi is a Texas resident, while Defendants Murdy and Tyson are Connecticut residents. (Id. at 9-10.) Plaintiff Malek is a Virginia resident, and TLDG is a Texas corporation with its principal place of business in New York. (Id. at 9.) HRP's citizenship is determined by the citizenship of each of its partners, including Minicozzi, Murdy, Tyson, and Malek, so for diversity purposes HRP is a citizen of Texas, Connecticut, and Virginia.

On February 2, 2023, Defendants William Murdy and Timothy Tyson removed this case to federal court on diversity grounds pursuant to 28 U.S.C. § 1332 arguing this is "an action between citizens of different states." (Dkt. # 1 at 5.) In pleading diversity, Murdy and Tyson ask the Court to arrange the parties in

the case according to their interests rather than their pleadings to (1) make TLDG a defendant and (2) dismiss HRP as a dispensable party.  (Id. at 6.)

Murdy and Tyson make the case that HRP is a non-diverse partnership and therefore ""dispensable where all the partners, or all general partners, were parties to the litigation and could adequately represent partnership interests." (Id. at 10 (citing Moss v. Princip, 913 F.3d 508, 517 (5th Cir. 2019)).

On March 6, 2023, Plaintiff filed a Motion to Remand to State Court, arguing that the improper joinder standard applies in determining whether HRP should be excluded from the diversity analysis.  (Dkt. # 11 at 2.)  Malek argues Murdy and Tyson fail to meet that standard, that HRP is not a dispensable party, and that HRP is not diverse from "either Plaintiffs or the Defendants … regardless of whether it is aligned with the Plaintiff or Defendant for diversity analysis purposes." (Dkt. # 11 at 1.)

The Motion to Remand was referred to Magistrate Judge Dustin Howell on May 15, 2023.  Judge Howell issued his Report and Recommendation on November 21, 2023.  (Dkt. # 18.)  None of the parties filed objections.

## DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  After careful consideration, the Court adopts the

Magistrate Judge's Report.  The Court finds that Magistrate Judge Howell's diversity analysis is reasonable and absent of clear error.

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction.  28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist."  Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper."  Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002).  The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand."  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007); see also Hood ex rel. Mississippi v. JP Morgan Chase & Co., 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court.").  A district court must remand the

case to state court if, at any time before final judgment, it determines that it lacks

subject matter jurisdiction.  28 U.S.C. § 1447(c).

When a properly joined defendant is a resident of the same state as the

plaintiff, a case may not be removed on the basis of diversity jurisdiction.  28

U.S.C. § 1441(b)(2).  Even so, "the improper joinder doctrine constitutes a narrow

exception to the rule of complete diversity."  Cuevas v. Case BAC Home Loans

Servicing, LP, 648 F.3d 242, 249 (5th Cir. 2011).  To show improper joinder, the

removing party must meet the heavy burden to show either: "(1) actual fraud in the

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause

of action against the non-diverse party in state court."  Smallwood v. Ill. Cent. R.R.

Co., 385 F.3d 568, 573 (5th Cir. 2004).

I.      Application of FRCP 21

Murdy and Tyson ask this Court to "realign in its diversity analysis …

[HRP] with the Defendants who control it."  (Dkt. # 12 at 21.)  "From there … [the

Court should] use its power under Rule 21 to dismiss [HRP] as a Rule 19(b)

dispensable party."  (Id.)

As Judge Howell highlighted, Malek's response refutes the idea that

HRP is dispensable entirely.  (Dkt. # 18 at 5–6.)  Malek argues that HRP is "not a

dispensable party in any event" because the claims "in this action are brought on

[HRP]'s behalf; the harm alleged is harm to [HRP]; and any relief will directly

5

inure to [HRP]."  (Dkt. # 11 at 2.)  Furthermore, "[n]ot all of [HRP]'s partners are

parties to this action, making the partnership's presence in this case all the more

indispensable."  (Id.)

　　　　This Court agrees with Judge Howell's finding that no caselaw

supports dismissing a party sua sponte under Federal Rule of Civil Procedure 21.

(Dkt. # 18 at 5 ("Rule 21 sua sponte dismissal of a party as dispensable under Rule

19(b) at this stage of the case is unsupported by the relevant caselaw."))

Defendants cite no precedent to support the Court excluding HRP from the

diversity analysis at the threshold removal stage either.  (Dkt. # 11 at 6.)  This

Court agrees that improper joinder analysis governs this Court's diversity analysis

as to HRP.  (Dkt. # 18 at 6.)

## II.　　Improper Joinder

　　　　There is no dispute that there is no complete diversity of citizenship

between the parties as they are captioned.  Unless HRP was improperly joined, this

Court lacks subject matter jurisdiction because a properly joined defendant being a

resident of the same state as a plaintiff makes removal improper.  28 U.S.C. §

1441(b)(2).  The improper joinder doctrine would allow removal as it "constitutes

a narrow exception to the rule of complete diversity."  Cuevas, 648 F.3d at 249.

　　For defendants to establish improper joiner, they must show either: "(1)

actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

establish a cause of action against the nondiverse party in state court." Smallwood,

385 F.3d at 573. Defendants claiming improper joinder based on a plaintiff's

inability to establish a cause of action against a non-diverse party bear the burden

of showing the plaintiff has no possibility of recovery against the in-state

defendant. Until defendants make such a showing, "the court does not have the

authority to do more" and "must remand to the state court." Id. at 576.

Here, Murdy and Tyson must show Malek has no reasonable basis for

predicting that state law would allow it to recover against HRP. Travis v. Irby, 326

F.3d 644, 649 (5th Cir. 2003); Smallwood, 385 F.3d at 576. A "reasonable basis"

means more just a hypothetical basis. Griggs v. State Farm Lloyds, 181 F.3d 694,

701 (5th Cir. 1999) ("whether the plaintiff has stated a valid state law cause of

action depends upon and is tied to the factual fit between the plaintiffs' allegations

and the pleaded theory of recovery"). The court may "conduct a Rule 12(b)(6)-

type analysis" to determine whether a plaintiff has pled a "reasonable basis for

recovery under state law." Smallwood, 385 F.3d at 573; Anderson v. Georgia Gulf

Lake Charles, 342 F. App'x. 911, 915 (5th Cir. 2009). The Court must determine

whether the plaintiff has pleaded "enough facts to state a claim to relief that is

plausible on its face." Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp.,

Ltd., 818 F.3d 193, 200 (5th Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts

that allow the Court to "draw the reasonable inference that the defendant is liable

for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The

Court must accept all well-pleaded facts as true and must draw all reasonable

inferences in favor of the plaintiff.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228,

239 (5th Cir. 2009).

Murdy and Tyson argue Malek cannot establish a cause of action

against HRP.  (Dkt. # 12 at 19.)  This argument, as Judge Howell pointed out,

requires Murdy and Tyson to first successfully argue that HRP should be realigned

from a plaintiff to a defendant.  (Dkt. # 18 at 8.)  The argument is therefore that

improper joinder exists once the parties are "properly aligned."  (Id.)

Judge Howell's Report makes it clear that even if this Court did re-

align HRP with Defendants, their improper joinder argument still fails because

Murdy and Tyson have provided no arguments about whether Malek does not have

a "reasonable basis for recovery under state law."  Smallwood, 385 F.3d at 573.

Murdy and Tyson, to meet the heavy burden of improper joinder, need to do "a

Rule 12(b)(6) type analysis" of Malek's petition, as required for the improper

joinder framework.  Id.  Murdy and Tyson have put forth no such analysis or

argument.  Rather, Murdy and Tyson argue that Malek has "stated no claims

against [HRP]."  (Dkt. # 12 at 20.)  Since Malek's claims for breach of fiduciary

duty, aiding and abetting breach of fiduciary duty unjust enrichment, tortious

8

interference against Minicozzi, Murdy, and Tyson, don't implicate HRP, Murdy and Tyson assert the claims thus fail as to HRP.  (Dkt. # 12 at 20.)  Murdy and Tyson further assert "[t]here are no allegations that [HRP] has been enriched" and "no allegations that [HRP] has interfered with any business."  (Id.)  Because Malek has asserted no claims or relief against HRP itself, Murdy and Tyson argue HRP has been improperly joined.  (Id.)

Murdy and Tyson's assertions start to fall apart once they concede that it does not "make much sense" for Malek to assert claims against HRP because claims against the partnership are, at bottom, claims against the individuals controlling the partnership's actions.  (Id. at 19.)  And Malek brings claims here on behalf of HRP for injury caused to HRP by Defendants.  (Dkt. # 18 at 9.)  This Court agrees entirely with Judge Howell that "Murdy and Tyson's argument that the Court should rewrite Malek's petition such that HRP is aligned with Defendants, and that once realigned, Malek has stated no claims against HRP, is illogical."  (Dkt. # 18 at 9–10.)

Because Defendants Murdy and Tyson have not met the burden to show the existence of the improper joinder exception to the requirement of complete diversity, the Court determines that Judge Howell's conclusions and recommendations are neither clearly erroneous nor contrary to law.  (Id.)  The Court, as Judge Howell properly found, lacks subject matter jurisdiction.  The

9

Court therefore adopts Judge Howell's recommendation and **GRANTS** Malek's

Motion to Remand.  (Dkt. # 11.)

CONCLUSION

For the reasons given, the Court **ADOPTS** Magistrate Judge Dustin

Howell's Report and Recommendation (Dkt. # 18) and **GRANTS** Malek's Motion

to Remand.  (Dkt. # 11.)  This action is **REMANDED** to the Travis County

District Court from which it originated.

**IT IS SO ORDERED**.

**DATED:**  February 2, 2024.


_____
Hon. David Alan Ezra
Senior U.S. District Judge